Filed 3/3/16  P. v. Monge CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN MONGE,<br><br>    Defendant and Appellant. | A144045<br><br>(City & County of San Francisco<br>Super. Ct. No. SCN222177) |

Defendant Jonathan Monge appeals his conviction for domestic violence, assault, and battery, arguing that the trial court abused its discretion in admitting evidence of a prior domestic violence incident and that the prosecutor committed misconduct in closing argument. We find no error and therefore shall affirm.

### Statement of the Case

Defendant was charged with four felony counts: (1) attempted murder (Pen. Code, §§ 187, subd. (a), 664); (2) domestic violence (Pen. Code, § 273.5, subd. (a)); (3) assault with a deadly weapon, not a firearm (Pen. Code, § 245, subd. (a)(1)); and (4) battery with serious bodily injury (Pen. Code, § 243, subd. (d)). In connection with counts one, two and four, it was charged that defendant used a deadly weapon in violation of Penal Code section 12022, subdivision (b)(1). In connection with counts one, two, and three, infliction of great bodily injury in violation of Penal Code section 12022.7, subdivision (e) was charged.

At trial, San Francisco Police Officer Michael Cota testified that around 9:00 p.m. on March 5, 2014, he responded to an emergency call at 26th and Bryant streets. Near a

1

freeway overpass he found Djohoriah Gonzales in a fetal position, crying and yelling, with her face and arms covered in blood. She had puncture wounds on her left and right cheeks, right hand, right shoulder, left forearm, left hand, and lacerations on her head. Gonzales stated that defendant had attacked her; she told him that she had been sleeping next to defendant and awoke to defendant stabbing her with a screwdriver. In addition, Gonzales had reported that this was not the first time she had been abused by defendant. As a result of her injuries, Gonzales was hospitalized for two days.

Gonzales also testified to being attacked by defendant with a screwdriver, and other officers who arrived at the scene provided additional corroboration of her condition at the time. An emergency room physician testified to the nature of her injuries. Gonzales also testified to a November 2013 incident in which defendant had kicked her in the eye.

A jury found defendant guilty of counts two through four, and found the enhancements to be true. The court imposed an eight-year prison term. Defendant timely filed a notice of appeal.

## Discussion

### 1. The Trial Court Did Not Abuse Its Discretion by Admitting Testimony of an Uncharged Prior Incident.

Defendant contends the court abused its discretion in admitting Gonzales's testimony about an uncharged prior domestic violence incident. Prior to the start of trial, the prosecution sought permission to present testimony of two prior incidents in which Gonzales would testify that she had been physically attacked by defendant. The court excluded testimony concerning one of those incidents on the ground that its prejudicial effect outweighed its probative value but, over defendant's objection, permitted Gonzales to testify to an eye-kicking incident that occurred in November 2013 that was reported in a contemporaneous police report. Gonzales testified that in November 2013 she and defendant were sleeping on a sidewalk near an abandoned house around 21st and Shotwell streets when, around 3:00 a.m., after an argument, defendant kicked her in the eye. She could not see out of the injured eye for about four to five days.

Evidence Code[1] section 1109, subdivision (a)(1) provides that when a defendant is charged with a domestic violence offense "evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352." Penal Code section 13700 defines "domestic violence" as abuse committed against a spouse or cohabitant. Unadjudicated acts of uncharged misconduct can be admitted under section 1109. (*People v. Britt* (2002) 104 Cal.App.4th 500, 505-506; *People v. Hoover* (2000) 77 Cal.App.4th 1020, 1028-1029 [construing sections 1109 and 1108 to be similar in that both statutes allow uncharged incidents to be received subject to section 352].) Under section 352, the trial court exercises discretion to exclude the evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or misleading the jury." A trial court's rulings under section 352 are reviewed for abuse of discretion and may be reversed only if " 'arbitrary, whimsical, or capricious as a matter of law.' " (*People v. Branch* (2001) 91 Cal.App.4th 274, 282.)

Here, defendant was charged with a domestic violence offense, so that under section 1109 the prosecutor was entitled to introduce evidence of other acts of domestic violence. The eye-kicking incident is an act of domestic violence under Penal Code section 13700 so that testimony concerning that incident was admissible, even though not charged (*People v. Britt, supra,* 104 Cal.App.4th 500), subject only to potential exclusion under section 352. The court did not abuse its discretion in finding testimony concerning the eye-kicking incident more probative than prejudicial. Gonzales's testimony about that incident was specific, confirmed in a contemporaneous police report, and the incident was relatively recent in time and not any more inflammatory than the incident on trial. The court instructed the jury on the proper method of evaluating evidence of uncharged

---

[1] All statutory references are to the Evidence Code.

incidents of domestic violence.**[2]** The instruction was proper, and we presume that the jury followed the court's instructions. (*People v. Pearson* (2013) 56 Cal.4th 393, 414.)

## 2. The Prosecutor Did Not Commit Misconduct

The defendant also contends that the prosecutor committed misconduct by improperly testifying as a domestic violence expert during closing argument. The record does not support this argument.

The prosecutor urged the jury to consider the eye-kicking incident during closing and rebuttal argument. During rebuttal, the following transpired:

---

[2] The court gave the instruction taken directly from CALJIC No. 852, as follows: "The People presented evidence that the defendant committed domestic violence that was not charged in this case, specifically, an incident in November, 2013. [¶] Domestic violence means abuse committed against an adult who is a cohabitant, or a person who dated or is dating the defendant. [¶] Abuse means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable fear of imminent serious bodily injury to himself or herself or to someone else. [¶] The term cohabitants means two unrelated persons living together for a substantial period of time, resulting in some permanency of the relationship. Factors that may determine whether people are cohabiting include, but are not limited to, (1) sexual relations between the parties while sharing the same residence, (2) sharing of income or expenses, (3) joint use or ownership of property, (4) the parties' holding themselves out as husband and wife, (5) the parties' registering as domestic partners, (6) the continuity of the relationship, and (7) the length of the relationship. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged domestic violence. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden of proof, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the uncharged domestic violence, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit and did commit Count 2, or the lesser included offense for Count 2, as charged here. If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of Count 2 or the lesser included offense for Count 2. The People must still prove each charge and allegation beyond a reasonable doubt. [¶] Do not consider this evidence for any other purpose."

"[Prosecutor]: Let's talk about evidence in domestic violence cases. Domestic violence by the definition, that is a crime that takes place in the privacy normally of someone's home. In this situation, the home was under the bridge. It is quite common for there to be a lack of witnesses to domestic violence because, by the very nature of the crime, it takes place behind closed doors. And so the fact that there wasn't any other witness who testified about what they saw, doesn't in any way diminish her testimony or her credibility. Again, her testimony about what she saw is direct evidence about what happened. [¶] Normally, in domestic violence cases, there is no collection of evidence –

"[Defense Counsel]: I object to this. This is not – I think this is improper. There is no evidence as to what's normal –

"THE COURT: Counsel, let me see you at the bench, please? [¶] (Whereupon, there was a discussion side-bar.)

"[Defense counsel]: Thank you, Your Honor.

"[Prosecutor] In domestic violence cases, the suspect is known. I've touched on this earlier. My husband hit me. My partner hit me. My loved one hit me. There is no need to collect DNA or blood samples to identify who the attacker is.

"[Defense counsel]: I think its improper argument.

"THE COURT: That objection is overruled."

The prosecutor's statements to the effect that the perpetrator of domestic violence is ordinarily unmistakably identified and there are commonly no witnesses to such violence were no more than commonsense observations. The statements were consistent with the trial testimony and did not impliedly refer to any facts or evidence outside the record. The prosecutor did not transgress the line of proper argument.

"Counsel have the right to present to the jury their views of the proper deductions or inferences which the facts warrant. Their reasoning may be faulty; their deductions from the premises illogical, but this is a matter for the jury ultimately to determine, and not a subject for exception on the part of opposing counsel." (*People v. Willard* (1907) 150 Cal. 543, 552; *People v. Dillinger* (1968) 268 Cal.App.2d 140, 144 ["it is within the domain of legitimate argument for a prosecutor to state his deductions or conclusions

5

drawn from the evidence adduced at trial, and, more particularly, to relate to the jury that, in his opinion, the evidence shows that the defendant is guilty of the crime charged"].)

Even if the prosecutor's limited statements were regarded as inappropriate personal belief about the norm in domestic violence cases, the court properly responded. When defense counsel objected, the court called a side-bar and asked the prosecutor to continue in a different manner. The prosecutor did so, as defense counsel acknowledged. Moreover, the court instructed the jury that the attorneys' remarks during closing argument are not evidence. "[N]o attorney should venture a bald opinion, stated as a fact, with reference to an issue or as to the effect, or value, or weight, of the evidence, as it may affect any ultimate fact in the case." (*People v. Nolan* (1932) 126 Cal.App. 623, 640-641.) However, this type of error is normally harmless and cured by the court's admonition. (See *People v. Loker* (2008) 44 Cal.4th 691, 739 [error in overruling defendant's objection to prosecutor's injection of personal beliefs at trial were harmless in light of admonitions that argument of counsel is not evidence].)

3. **There Was No Cumulative Error and the Defendant Was Not Deprived of His Rights to a Fair Trial and Due Process.**

Defendant argues that the cumulative prejudicial effect of admitting the eye-kicking incident and the prosecutor's improper remarks deprived him of his rights to a fair trial and due process. Since, as we have concluded, there was no error in either respect, there was no cumulative error or prejudice, and no violation of defendant's constitutional right to a fair trial.

**Disposition**

The judgment is affirmed.

_____
Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Jenkins, J.


A144045

7